SAMUEL NEEDLE *vs.* H. C. BIDDLE & COMPANY, *et al.*

MAY 31, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Levy of Execution.  Injunctions.  Equity.  Unanswered Case in District Court.  Jury Trial.*

Respondent entered a writ in a district court against petitioner and claimed jury trial on entry day.  The case was unanswered but was certified to the superior court under C. P. A., § 273 and was by the superior court returned to the district court because it was unanswered and so not in order for a

jury trial, and was defaulted in the district court. Execution was taken out and levied and bill filed by petitioner (defendant) to restrain the levy, and vacate the judgment. Preliminary injunction was granted:—On appeal

*Held,* that as the bill did not allege that the judgment was obtained by fraud, or surprise, or that there was lack of service of the writ, or that there was any accident, mistake or unforeseen cause, but on the contrary showed that the whole conduct of the petitioner was mere negligence, he could not now complain of any of the proceedings taken.

*Held,* further, that the fact that the clerk of the district court certified the case to the superior court was an act for which the plaintiff in the action was not responsible, and did not work a discontinuance of the case.

(2)  *Claim of Jury Trial on Entry of Writ.   Unanswered Cases.   Certification to Superior Court.*

Where a case is entered in a district court and jury trial claimed by plaintiff on entry day and such case is unanswered the provisions of C. P. A., § 271 (Gen. Laws, 1909, cap. 286, § 6) control C. P. A., § 273 (Gen. Laws, 1909, cap. 286, § 8) and the case should remain in the district court and be there defaulted, as no issue has been made needing a jury trial.

(3)  *Equity.   Meritorious Defence Necessary Allegation for Relief.   Executions.*

*Held,* further, that the bill was fatally defective in that it contained no allegation that complainant had any defence to the original action.

(4)  *Executions.   Injunctions.   Equity.   Defence to Action.*

It is a well settled principle of equity that an injunction will not issue to restrain the levy of an execution or vacate a judgment unless it appears from the bill that the complainant has a meritorious defence to the action.

BILL IN EQUITY to restrain levy of an execution. Heard on appeal from decree of superior court granting injunction and appeal allowed.

PARKHURST, J.   This is a bill in equity to restrain the levy of an execution and to vacate a judgment; and the case is before this court on respondents' appeal from a decree of the Superior Court, granting a preliminary injunction restraining the respondents from proceeding with the levy and sale under execution.

H. C. Biddle & Company entered a writ in the Tenth District Court against Samuel Needle on December 28, 1909, and the plaintiff claimed a jury trial on the entry day. The case was not answered; but it was certified to the Superior Court, on the

next court day after entry, under C. P. A., § 273, and when it reached the Superior Court it was returned to the Tenth District Court because it was unanswered and so was not in order for a jury trial, and was defaulted in said District Court on April 25, 1910. Execution was taken out and levied; and on June 3rd, 1910, this bill was filed by Needle in the Superior Court to restrain the levy of execution, and to vacate the judgment. July 20th, 1910, the Superior Court entered a decree for a preliminary injunction, enjoining the levy and sale until further order, and from this decree the respondents appealed to this court.

The bill nowhere alleges that the judgment was obtained by any fraud, accident or surprise, or that there was lack of service of the writ, or that the complainant failed to appear and plead to the action and to defend the same, by reason of any accident or mistake or unforeseen cause. It shows no reason or excuse whatsoever for the complainant's failure to appear, and defend the action; it is not even alleged that he employed an attorney to appear for him; and, so far as appears, is entirely consistent with an intention on his part not to defend the action but to allow it to be defaulted. His first appearance before the Tenth (1) District Court appears to have been in May, 1910, after judgment had been entered by default, and execution issued and levied on his goods and chattels, when he moved said district court to stay execution and vacate the judgment, on the ground that the certification to the Superior Court, of this unanswered case for a jury trial, its remaining there for some days, and being subsequently sent back to the District Court, and its final disposition there by the entry of judgment by default, was irregular and operated as a discontinuance of the case. The whole conduct of the complainant, as shown by his bill, was mere negligence, and he cannot be heard now to complain of any of the proceedings taken, when it was within his power, if he had seen fit, to have appeared and defended the suit at the proper time. It is no matter for surprise that the District Court refused to stay execution and vacate its judgment, if the complainant (then defendant) made no better showing of reasons therefor than now appear in his bill in equity.

Furthermore, the plaintiff in the original action did nothing with regard to the removal of the suit from the District Court to the Superior Court, except to claim a jury trial in writing upon the entry day of the writ, as he had a right to do, under C. P. A. § 272. The mere fact that the clerk of the District Court sent the papers to the Superior Court, without waiting to see whether the case was answered or not, was not due to any act or fault on the part of the plaintiff, but was due merely to a failure on the part of the clerk to fully appreciate the provi-

(2) sions of C. P. A., § 271, providing for continuance of unanswered cases for one week and their subsequent default in case they remain unanswered, and to consider the provisions of said § 271 as paramount to and controlling the provisions of § 273, regarding certification of cases to the Superior Court for a jury trial. It was a perfectly proper proceeding for the Superior Court to send back the papers to the District Court, under these circumstances, as it appeared to be an unanswered case which should have remained and been defaulted in the District Court, and in which no issue had been made which needed a jury trial. All these proceedings of certification by the clerk of the District Court, and remission by the Superior Court, were done without any intervention of the plaintiff, in the suit and did not in any way work a discontinuance of the case and should not be allowed to work any prejudice to the plaintiff in the maintenance of his suit. The defendant in the suit had, by the service of the writ, all the notice of the pendency of the suit to which he was by law entitled; he is not shown to have been injured by reason of any of the proceedings of which he now complains, and in view of his utter negligence and failure to show any cause, we think the District Court was right in refusing to stay its execution or to vacate its judgment and reinstate the case for trial.

(3) But the bill is fatally defective in another essential particular. It contains no allegation, or even suggestion, that the complainant had or has any defence whatever to the original action.

(4) It is a well settled principle of equity that an injunction will not issue to restrain the levy of an execution or vacate a

judgment unless it appears from the bill that the complainant has a meritorious defence to the action. "It is not the province of equity to correct mere technical wrongs. A party seeking its aid must show some substantial injury. It frequently happens that a judgment is obtained by fraud, accident or surprise, although the same result would be reached if an adversary trial had been had. In such a case the defendant at law is equitably bound to pay the amount of the judgment, and equity will not interfere to relieve him. The fraud, accident or surprise is, in such a case, mere technical wrong. Hence it is laid down that equity will not relieve from judgments in general, unless a meritorious defence is shown, so that on re-examination and re-trial of the case the result would be different. This rule is universal as to judgments obtained merely by fraud, accident or surprise. In cases where the ground of attack on the judgment is want of jurisdiction, as where there is no service of summons, there is a conflict of authority; but the prevailing view is that even there a good defence on the merits must be shown." 6 Pomeroy's Eq. Jur. § 667. See also I Black on Judgments, §§ 347, 348.

As we have shown above the judgment in this case is not alleged to have been obtained by fraud, accident or surprise; nor does it appear that there was any want of jurisdiction, for lack of service or for any other reason.

This court has gone to the full extent of the doctrine quoted above from Pomeroy, in the case of *Opie v. Clancy*, 27 R. I. pp. 42, 47, 50. That case was much more extreme than the present, as the court found that the trial justice who heard it was without jurisdiction to do so, whereas there is no question in this case as to the jurisdiction of the court. The court say: "Our finding that the assistant justice was unauthorized to act in the premises, however, is not decisive of the case." . . "It is a rule that applications for relief in equity against judgments at law will be scrutinized closely, and that an injunction to prevent the enforcement of the same will not be granted except upon facts which show the clearest and strongest reasons for the interposition of chancery; that courts will not entertain a party seeking for relief against a judgment which

has been rendered against him in a court of law in consequence of his default in regard to steps which he might successfully have taken in the court of law, unless some reason founded in fraud, surprise or some adventitious circumstances beyond the control of the party is shown to excuse such default. Am. & Eng. Ency. L. 2d. ed. vol. 16, p 374.

"Where a party having a meritorious defence is by accident, unmixed with negligence on his part, prevented from making his defence or from taking steps for the preservation of his rights," . . "a court of equity has power to grant relief by enjoining the judgment. Mere accident, however, though unmixed with negligence of the party, will not of itself furnish a ground for relief in equity." . . "It must clearly appear to the court that it would be contrary to good conscience to allow the judgment to be enforced; in other words, a meritorious defence must be alleged and proved; it must appear that the accident was unavoidable, and in no way attributable to the negligence of the party seeking equitable relief."

In view of these well settled principles, we are of the opinion that the complainant has utterly failed to show any right to the interference of a court of equity for his relief; that the decree of the Superior Court granting a preliminary injunction was erroneous, and must be vacated.

The respondent's appeal is therefore allowed and the cause is remanded to the Superior Court with direction to vacate the decree appealed from, and for further proceedings.

*Peter J. Quinn,* for complainant.
*Edward C. Stiness, Frederick W. O'Connell,* for respondents.